1  FORD & HARRISON LLP
   David L. Cheng, Bar No. 240926
2  dcheng@fordharrison.com
   Jennifer S. McGeorge, Bar No. 221679
3  jmcgeorge@fordharrison.com
   350 South Grand Avenue, Suite 2300
4  Los Angeles, CA  90071
   Telephone: 213-237-2400
5  Facsimile:  213-237-2401

6  Attorneys for Specially Appearing Defendant
   LINCARE HOLDINGS INC.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 PAZ CARINO,                          Case No.

12           Plaintiff,                 **NOTICE OF REMOVAL OF
                                        ACTION BY SPECIALLY
13 v.                                   APPEARING DEFENDANT
                                        LINCARE HOLDINGS INC.
14 LINCARE HOLDINGS INC., a             PURSUANT TO 28 U.S.C. §§ 1332,
   Delaware corporation; LINCARE        1441 AND 1446**
15 INC., a Delaware corporation; and
   DOES 1 through 30, inclusive,        Action Filed: 11/05/21
16                                      Date of Removal: 01/13/22
              Defendants.
17

18        **TO THE CLERK OF THE UNITED STATES DISTRICT COURT**

19 **FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

20        **PLEASE TAKE NOTICE** that Specially Appearing Defendant Lincare

21 Holdings, Inc. ("Defendant" or "Lincare Holdings Inc."), without waiving any of its

22 rights, including but not limited to its right to challenge personal jurisdiction,

23 hereby removes the above-entitled action from the Superior Court of the State of

24 California, County of Santa Clara, to the United States District Court for the

25 Northern District of California pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a),

26 1441(b), and 1446, based on the following facts:

27 **I.       PLEADINGS AND PROCESS, AND ORDERS**

28        1.     Plaintiff Paz Carino ("Plaintiff") commenced a civil action in the

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

Superior Court of the State of California for the County of Santa Clara by filing a Complaint on November 5, 2021 entitled "Paz Carino, an individual, Plaintiff, vs. Lincare Holdings Inc., a Delaware corporation; Lincare Inc., a Delaware corporation; and Does 1 through 30; inclusive, Defendants," Case No. 21CV391147 ("Complaint").

2.      In the Complaint, Plaintiff alleges claims for: (1) Disability/Medical Condition Discrimination in violation of the Fair Employment and Housing Act, Cal. Gov't Code §§ 12940, *et seq*. ["FEHA"] (Compl. ¶¶14-22); (2) Failure to Take Reasonable Steps to Prevent Discrimination and Retaliation in violation of the FEHA (Compl. ¶¶23-30); (3) Wrongful Termination in violation of public policy (Compl. ¶¶31-40); (4) Unfair Business Practices, Cal. Bus. & Prof. Code §§17200, *et seq*. (Compl. ¶¶41-49); and (5) Failure to Provide Personnel File and Payroll Records in violation of Cal. Labor Code §§226, 432, and 1198.5 (Compl. ¶¶50-54).

3.      On December 14, 2021, Plaintiff served Defendant Lincare Holdings Inc. with a copy of the Summons and Complaint.  True and correct copies of the Notice of Service of Process to Defendant Lincare Holdings Inc., the Summons, and the Complaint, are attached as **Exhibit A** to the Declaration of Jennifer S. McGeorge in Support of Defendant's Notice of Removal, ¶3 ("McGeorge Decl."), filed concurrently herewith.

4.      A true and correct copy of the Civil Case Cover sheet filed in the Santa Clara County Superior Court on November 5, 2021, is attached as **Exhibit B** to the McGeorge Decl., ¶4.

5.      Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process and pleadings served on, received by Defendant, or filed in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, Santa Clara County or served by any party. (McGeorge Decl., ¶5.)

/ / /

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

NOTICE OF REMOVAL BY SPECIALLY APPEARING
DEFENDANT LINCARE HOLDINGS INC.

1

## I.     TIMELINESS OF REMOVAL

2         6.       This Notice of Removal is timely filed in accordance with 28 U.S.C. §

3    1446(b), in that it is filed within thirty (30) days after December 14, 2021, the date

4    on which Defendant Lincare Holdings Inc. was served with the Complaint.  (*See*

5    *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).)

6    The 30-day period for removal runs from the date of service of the summons and

7    complaint, as governed by state law.  (*See id.*)  Here, the last day for removal falls

8    on January 13, 2022, accounting for weekends and holidays.  (*See* 28 U.S.C. §

9    1446(b); Fed. R. Civ. Proc. 6(a); *Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190,

10   2011 WL 6182341, *1 (N.D. Cal. Dec. 13, 2011).)  Accordingly, this Notice of

11   Removal has been timely filed within the time provided by 28 U.S.C. § 1446(b).

12   ## III.    VENUE

13        7.       The United States District Court for the Northern District of California

14   is the proper venue for removal pursuant to 28 U.S.C. § 1441(a) because the action

15   is pending in the Superior Court of the State of California for the County of Santa

16   Clara, which is located within the Northern District of California. (28 U.S.C. §

17   84(c)(2).)

18   ## IV.    JURISDICTION

19        8.       A federal court has "original jurisdiction of all civil actions where the

20   matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

21   costs, and is between citizens of different states."  (28 U.S.C. §1332(a).)

22        9.       "[A]ny civil action brought in a State Court of which the district courts

23   of the United States have original jurisdiction, may be removed by the defendant."

24   (28 U.S.C. §1441(a).)

25        10.      Therefore, a state court action may be removed if: (1) the action is

26   between citizens of different states, and (2) the matter in controversy exceeds the

27   sum of $75,000, exclusive of interest and costs.  Each of these requirements are met

28   in this case.

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

- 3 -

NOTICE OF REMOVAL BY SPECIALLY APPEARING
DEFENDANT LINCARE HOLDINGS INC.

### A.    Complete Diversity of Citizenship

11.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).)  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return.  (*Kanter v. Warner-Labert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).)  Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. (*Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).)

12.    Here, Plaintiff alleges, and Defendant is informed and believes, that Plaintiff is a California resident.  (Compl. ¶ 2.)  "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."  (*Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941)).  In the instant case, no facts have been adduced to rebut the presumption that Plaintiff is domiciled in California. Therefore, Plaintiff is a citizen of the State of California for diversity purposes.

13.    "[A] corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  (28 U.S.C. § 1332(c)(1)).

14.    Defendant Lincare Holdings Inc. is a corporation that is incorporated in and exists under the laws of the State of Delaware, with its principal place of business in the State of Florida.  Accordingly, Defendant Lincare Holdings Inc. is a citizen of Florida and Delaware for purposes of diversity jurisdiction.  (28 U.S.C. § 1332(c)(1).)

15.    Defendant Lincare Inc. is a corporation that is incorporated in and exists under the laws of the State of Delaware, with its principal place of business in the State of Florida.  Accordingly, Defendant Lincare Inc. is a citizen of Florida and Delaware for purposes of diversity jurisdiction.  (28 U.S.C. § 1332(c)(1).)

16.    The presence of Doe defendants in this case has no bearing on diversity with respect to removal. (*See* 28 U.S.C. § 1441(a) ("[f]or purposes of

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

NOTICE OF REMOVAL BY SPECIALLY APPEARING
DEFENDANT LINCARE HOLDINGS INC.

1   removal under this chapter, the citizenship of defendants sued under fictitious

2   names shall be disregarded").)

3       17.   Here, diversity of citizenship is met because Plaintiff is a citizen of

4   California while Defendants are citizens of Florida and Delaware.  Therefore, the

5   minimal diversity requirement is fully satisfied.  (*See* 28 U.S.C. § 1332(d)(2)(A).)

6       **B.    Amount in Controversy Exceeds $75,000**

7       18.   A defendant's notice of removal need include only a plausible

8   allegation that the amount in controversy exceeds the jurisdictional threshold.

9   Evidence establishing the amount is required only when the plaintiff contests, or the

10  court questions, the defendant's allegation.  (*Dart Cherokee Basin Operating Co.,*

11  *LLC v. Owens*¸ S. Ct. 547, 554 (2014); *see also Sanchez v. Monumental Life Ins.*

12  *Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).)  As noted in *Dart Cherokee*:

13  "'[D]efendants do not need to prove to a legal certainty that the amount in

14  controversy requirement has been met.  Rather, defendants may simply allege or

15  assert that the jurisdictional threshold has been met.  Discovery may be taken with

16  regard to that question.  In case of a dispute, the district court must make findings

17  of jurisdictional fact to which the preponderance standard applies.'" (*Id.* [quoting

18  House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue

19  Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011)]).[1]  Here, the Court

20  can reasonably ascertain from Plaintiff's complaint and her prayer for relief that the

21  amount in controversy exceeds $75,000.  The assertions of Lincare Holdings Inc.

22  herein are limited to its preliminary understanding of Plaintiff's claims and data

23  currently available to Defendant.  "In measuring the amount in controversy, a court

24  must assume that the allegations of the complaint are true and that a jury will return

25  a verdict for the plaintiff on all claims made in the complaint." (*Kenneth Rothschild*

26

27  [1] The Supreme Court went on to say that "[o]f course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those

28  allegations."  *Dart Cherokee*¸ 135 S. Ct. at 554.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL BY SPECIALLY APPEARING
DEFENDANT LINCARE HOLDINGS INC.

*Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" (*Cagle v. C&S Wholesale Grocers, Inc.*, __ F.R.D. ___, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)).   Nor does Defendant need to provide summary judgment-type evidence.  (*Cagle*, 2014 WL 651923, *7).

19.   While Defendant denies any liability to Plaintiff whatsoever, Lincare Holdings Inc. asserts, based on the allegations in the Complaint and remedies sought, that the amount in controversy exceeds $75,000.

20.   Although Plaintiff alleges in her Complaint's Prayer for Relief that the "total of above listed damages to be capped at $75,000," (Compl. Prayer for Relief ¶7), this allegation is insufficient to establish the amount in controversy for removal purposes.  Indeed, this Court has previously explained that, "under California law, a plaintiff is not limited to the amount [of damages] set forth in his or her complaint." (*Patel v. Nike Retail Services, Inc.*, 58 F.Supp.3d 1032, 1036 (N.D. Cal. 2014), citing *Damele v. Mack Trucks, Inc.*, 219 Cal.App.3d 29, 41-42, 267 Cal.Rptr. 197 (1990)).   Moreover, when faced with the identical allegation in a state court complaint, this Court explained that, "[w]hile Plaintiff's state-court complaint alleges that she seeks less than $75,000, it is still legally 'inconclusive' on this point since California law permits her to recover in excess of the amount she alleges."]. (*Patel*, 58 F.Supp.3d at 1040 n. 3).  The plain allegations of the Complaint, and remedies sought, establish that the amount well exceeds the jurisdictional minimum.

21.   Specifically, Plaintiff alleges she "worked for Defendant as a Shipping Clerk from on or about February 12, 2020 to on or about December 28, 2020."

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

1   (Compl. ¶7).  Plaintiff alleges that on December 23, 2020, she "discovered she
2   tested positive for COVID-19 and immediately informed her superior….of her
3   positive test result." (Compl. ¶10).  Plaintiff further alleges that, "[o]n or about
4   December 28, 2020, Plaintiff's employment with Defendant was wrongfully
5   terminated due to her disability/medical condition and/or her perceived
6   disability/medical condition." (Compl. ¶11).  Plaintiff goes on to allege that, "[o]n
7   or about April 22, 2021, Plaintiff's counsel requested a copy of Plaintiff's personnel
8   file and payroll records," but that "as of this date, no records of the same have been
9   produced by Defendant." (Compl. ¶ 12).

10      22.    In support of her discrimination claim (first cause of action), Plaintiff
11  alleges she was terminated from her employment for discriminatory reasons based
12  on her purported disability/medical condition. (Compl. ¶18).  She claims that, "[a]s
13  a proximate result of Defendants' wrongful conduct, and adverse employment
14  actions, Plaintiff has sustained, and continues to sustain non-economic damages,
15  including but not limited to emotional distress, anxiety, depression, tension, loss of
16  sleep and humiliation."  (Compl. ¶20). Plaintiff further alleges she has "sustained
17  general and special damages" and that she is "entitled to attorneys' fees pursuant to
18  Government Code §§12653 and 12965 and Code of Civil Procedure §1021.5."
19  (Compl. ¶¶21, 22).

20      23.    In support of her second cause of action for failure to prevent
21  discrimination, Plaintiff alleges she has "sustained, and continues to sustain
22  economic damages in earnings and other employment benefits in an amount
23  according to proof," and "has sustained, and continues to sustain non-economic
24  damages, including but not limited to emotional distress, anxiety, depression,
25  tension, loss of sleep and humiliation." (Compl. ¶¶ 27, 28).  Plaintiff further alleges
26  she has "sustained general and special damages" and that she is "entitled to
27  attorneys' fees pursuant to Government Code §§12653 and 12965 and Code of
28  Civil Procedure §1021.5." (Compl. ¶¶29, 30).

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL BY SPECIALLY APPEARING
DEFENDANT LINCARE HOLDINGS INC.

24.     Plaintiff's third cause of action for wrongful termination in violation of public policy is derivative of her discrimination and failure to prevent discrimination claims. (Compl. ¶¶31-35). Plaintiff seeks the same remedies she seeks as to her second cause of action (Compl. ¶¶36-38, 40), but also seeks recovery of "other employment benefits in an amount according to proof," as well as punitive damages. (Compl. ¶¶36, 39).

25.     As to her fourth cause of action for Unfair Business Practices, Plaintiff's claim is derivative of her discrimination and failure to prevent discrimination claims. (Compl. ¶¶41-46). The remedies Plaintiff seeks for her fourth cause of action are "injunctive relief, restitution, and other appropriate equitable relief." (Compl. ¶43). Plaintiff also seeks recovery of attorney's fees for this cause of action as well.  (Compl. ¶49).

26.     As to her fifth cause of action, Plaintiff alleges that Defendant failed to provide her with copies of her personnel and payroll records within the statutory deadlines set forth in Labor Code sections 226 and 1198.5, respectively.  (Compl. ¶¶51-54).   Labor Code section 226(c) provides, in pertinent part, that: "An employer who receives a written or oral request to inspect or receive a copy of records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request."  Labor Code section 226(f) provides that, "[a] failure by an employer to permit a current or former employee to inspect or receive a copy of records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer."

27.     Similarly, Labor Code section 1198.5(b) (1) states, in pertinent part, that, "[t]he employer shall make the contents of [an employee's] personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

NOTICE OF REMOVAL BY SPECIALLY APPEARING
DEFENDANT LINCARE HOLDINGS INC.

calendar days from the date the employer receives a written request. . .” Furthermore, Labor Code section 1198.5(k) provides that, “[i]f an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement as provided in this section, the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer.”

28.     In her fifth cause of action. Plaintiff seeks to recover a $750 penalty for each alleged statutory violation (Labor Code section 226(c) and 1198.5 (b)(1)), for a total of $1,500, as well as injunctive relief and attorney's fees and costs. (Compl. ¶¶51-54).

29.     In sum, by this lawsuit, Plaintiff seeks general and special damages (emotional distress, back pay, front pay), loss of employment benefits, as well as punitive damages, attorneys’ fees and costs, pre-judgment and post-judgment interest, declaratory relief, injunctive relief, restitution, statutory penalties, and such other relief as the court finds proper.  (Compl. ¶¶20-22; 27-30; 36-40; 43, 49, 52, 54; Compl. Prayer for Relief, ¶¶1-6).

30.     Based on records available to Defendant, Plaintiff was a full-time employee, working 40 hours per week.  Her rate of pay at the time of her separation for employment was $17.00 per hour, which equates to approximately $35,360 per year [$17.00 per hour x 40 hours per week x 52 weeks = $35,360].  Plaintiff alleges she was terminated on December 28, 2020. (Compl. ¶¶7, 11). Thus, Plaintiff's back wages claim for the 54-week period between the date of her termination and the date of removal is approximately $36,720 [$17.00 per hour x 40 hours x 54 weeks = **$36,720**].

31.     Moreover, in establishing that the amount in controversy likely exceeds the jurisdictional minimum, a defendant is permitted to calculate the likely back pay award from the date of the termination until the date of likely judgment.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

NOTICE OF REMOVAL BY SPECIALLY APPEARING
DEFENDANT LINCARE HOLDINGS INC.

(*See Garcia v. ACE Cash Express, Inc.*, 2014 U.S. Dist. LEXIS 76351, *11 (C.D. Cal. May 30, 2014) (it was proper for the defendant to calculate back pay at issue by calculating wages in "months between termination and removal…and adding wages for the estimated time between removal and trial"); *James v. Childtime Childcare, Inc.*, 2007 U.S. Dist. LEXIS 43753, *4, n. 1 (E.D. Cal. May 31, 2007) [plaintiff "erroneously assumes that the court includes only those wages lost before removal when calculating the amount in controversy. The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages."]; *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) [affirming proposition that damages claimed at the time of removal may be calculated through the date of judgment]).

32.    Here, the median time from the filing of a civil complaint until trial in the Northern District of California is 44.5 months. (*See* United States Courts Statistics, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distpro file0930.2020.pdf (last visited January 10, 2022)).  With a removal date of January 13, 2022, that would mean an estimated trial date of approximately October 1, 2025 — over 4 years and 10 months following the ending of her employment, or approximately 250 weeks.  Accordingly, through the date of likely judgment, Plaintiff's claim for lost wages, ***alone***, totals **$170,000** ($17.00/hour x 40 hour/week x 250 weeks).

33.    Plaintiff also seeks to recover an unspecific amount of general damages for "emotional distress." (Compl. at ¶¶ 20-21, 28-29, 37; Complaint Prayer ¶2.) These potential damages are properly factored into the jurisdictional analysis for removal purposes.  (*See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (indicating that a plaintiff's claims for pain and suffering and humiliation may properly be factored into the jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S. D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

NOTICE OF REMOVAL BY SPECIALLY APPEARING
DEFENDANT LINCARE HOLDINGS INC.

1    potentially substantial).)

2         34.    Plaintiff has not specifically provided an estimated value for emotional

3    distress.  However, it is reasonable for Defendant, assuming Plaintiff could recover

4    non-economic damages in connection with her claims, to include at least **$25,000** as

5    the amount at issue as to Plaintiff's alleged mental pain and anguish and emotional

6    distress, given Plaintiff's estimated damages.  (*See Guillen v. Kindred Healthcare*

7    *Operating, Inc.*, 2018 WL 1183354, 2018 U.S. Dist. LEXIS 38458, *12 (C.D. Cal.

8    Mar. 7, 2018) (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)

9    [in light of a plaintiff's alleged lost wages of at least $55,000, emotional distress

10   damages could be valued at $25,000]).

11        35.    Plaintiff is also seeking to recover her attorneys' fees and costs

12   pursuant to California Civil Code §1021.5, California Government Code § 12653

13   and 12965, and California Business and Professions Code §17200 et seq. (Compl.

14   at ¶¶ 22, 30, 40, 49, 54; Compl. Prayer for Relief ¶ 4).  It is well-settled that when

15   authorized by statute, attorneys' fees are to be included in the calculation of the

16   amount in controversy for purposes of determining whether the requisite

17   jurisdictional minimum is met.  (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156

18   (9th Cir. 1998) ["[W]here an underlying statute authorizes an award of attorneys'

19   fees, either with mandatory or discretionary language, such fees may be included in

20   the amount in controversy"]; *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d

21   1004, 1010-11 (N.D. Cal. 2002) [in deciding amount in controversy issue, a court

22   may estimate the amount of reasonable attorneys' fees likely to be recovered by

23   plaintiff if he were to prevail]).  Further, while Plaintiff's attorneys' fees cannot be

24   precisely calculated from the face of the Complaint, it is reasonable to assume that

25   the amount of attorneys' fees Plaintiff could incur in the course of this matter may

26   exceed a damages award.  (*Simmons v. PCR Technology*, 209 F.Supp.2d 1029,

27   1035 (C.D. Cal. 2002)).

28        36.    Recent estimates for the number of hours expended through trial for

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

- 11 -                                    NOTICE OF REMOVAL BY SPECIALLY APPEARING
DEFENDANT LINCARE HOLDINGS INC.

single-plaintiff employment cases have ranged from 100 to 300 hours. (*Sasso v. Noble Utah Long Beach, LLC,* No. CV 14-09154-AB (AJWx), 2015 WL 898468, *12 (C.D. Cal. March 3, 2015) (citations omitted)). As such, 100 hours is an appropriate and conservative estimate. (*Ibid.*)

37.     Moreover, the Court in *Sasso* and others have held that a reasonable rate for employment cases is $300 per hour. (*Ibid.*)   Taking the conservative estimate of 100 hours as seen in *Sasso*, the total amount of fees (at an hourly rate of $300) is approximately, and, at a minimum without even going to trial, $**30,000.00**. Therefore, taking Plaintiff's claims for attorneys' fees in combination with Plaintiff's potential lost wage damages, the amount ***will exceed*** the $75,000 threshold. (*See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. August 8, 2018) [stating that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met]).

38.     The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. (*Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F.Supp.2d at 1009). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294. (*Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994)). A punitive damages award may equal as much as four times the amount of the actual damages award. (*State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) [citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000]).

39.     Here, even assuming a conservative one to one ratio of punitive damages to Plaintiff's alleged lost wages, a reasonable estimate of Plaintiff's punitive damages is, therefore, approximately $**170,000.00**. (*See Guillen*, 2018 WL

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

NOTICE OF REMOVAL BY SPECIALLY APPEARING
DEFENDANT LINCARE HOLDINGS INC.

1183354, 2018 U.S. Dist. LEXIS 38458, *13 (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) ["District courts within the Ninth Circuit have described a 1:1 ratio of punitive damages to compensatory damages as "conservative" for purposes of assessing the amount in controversy requirement."]).

40.   Plaintiff also seeks recovery of statutory penalties in the amount of $750.00 for violation of Labor Code sections 226 and 1198.5, respectively, for Defendants' alleged failure to produce personnel and payroll records within the statutory time limits set forth in these statutes. (Compl. ¶¶12, 50-54).  Accordingly, the amount in controversy for these purported penalties is **$1,500.00**.

41.   Plaintiff also seeks open-ended relief as "such other relief as the Court deems proper." Although uncertain in amount, this additional damages claim only serves to increase the amount in controversy.  (*See Lewis v. Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) [the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000].)

42.   Without waiving any of its rights, Lincare Holdings Inc. denies that Plaintiff's claims have any merit, and also denies that Plaintiff suffered any damages.  However, when the relief sought (*i.e.*, emotional distress, back pay, front pay, loss of employment benefits, punitive damages, attorneys' fees and costs, pre-judgment and post-judgment interest, declaratory relief, injunctive relief, restitution, statutory penalties, and such other relief as the court finds proper) is taken as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Using the aforementioned methodology, the amount in controversy claimed by Plaintiff is approximately **$396,500.00**.  This aggregate potential liability is broken down as follows:

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

NOTICE OF REMOVAL BY SPECIALLY APPEARING
DEFENDANT LINCARE HOLDINGS INC.

| AMOUNT IN CONTROVERSY | |
|---|---|
| Lost Wages Through Trial | $170,000.00 |
| Non-Economic Damages/Emotional Distress | $25,000.00 |
| Punitive Damages | $170,000.00 |
| Statutory Penalties | $1,500.00 |
| Attorney's Fees | $30,000.00 |
| **TOTAL** | **$396,500.00** |

43.     The aforementioned estimated amount in controversy *excludes* any potential award for front pay, restitution, "other employment benefits in an amount according to proof," costs of suit, and pre-and post-judgment interest, which would further increase the amount in controversy.

44.     Moreover, even if only the lost wages from the date of Plaintiff's separation from employment to the date of removal were taken into account for purposes of establishing the amount in controversy (**$36,720**), and the emotional distress and punitive damages were likewise adjusted to their most conservative amounts, the amount in controversy would still be satisfied, as reflected below:

| AMOUNT IN CONTROVERSY | |
|---|---|
| Lost Wages Through Date of Removal | $36,720.00 |
| Non-Economic Damages/Emotional Distress | $10,000.00 |
| Punitive Damages | $36,720.00 |
| Statutory Penalties | $1,500.00 |
| Attorney's Fees | $30,000.00 |
| **TOTAL** | **$114,940.00** |

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

NOTICE OF REMOVAL BY SPECIALLY APPEARING
DEFENDANT LINCARE HOLDINGS INC.

45.     Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

**VI.     NOTICE OF REMOVAL**

46.     A copy of this notice of removal will be filed with the Clerk of the Superior Court of the State of California, County of Santa Clara.

47.     By removing the action to this Court, Defendant does not waive any of its rights, defenses, objections, or motions available to them under state or federal law.

48.     WHEREFORE, Specially Appearing Defendant Lincare Holdings Inc. prays that the Court remove this civil action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.


Dated: January 13, 2022                     Respectfully submitted,

                                            FORD & HARRISON LLP


                                            By:*/s/ Jennifer S. McGeorge*
                                                David L. Cheng
                                                Jennifer S. McGeorge
                                                Attorneys for Defendant
                                                LINCARE HOLDINGS INC.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -                    NOTICE OF REMOVAL BY SPECIALLY APPEARING
                          DEFENDANT LINCARE HOLDINGS INC.

1

**<u>PROOF OF SERVICE</u>**

2

    I, Esperansa Reinold, declare:

3

    I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On January 13, 2022, I served a copy of the within document(s):

4

5

6

**NOTICE OF REMOVAL OF ACTION BY SPECIALLY APPEARING DEFENDANT LINCARE HOLDINGS INC. PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

7

8

☐    ELECTRONICALLY: I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

9

10

11

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12

13

14

15

16

17

Edward Antonino, Esq.
LAW OFFICE OF EDWARD
ANTONINO
15760 Ventura Blvd., Suite 700
Encino, CA 91436-3016
Phone: (818) 995-9477
Email: ea@ca-workers-rights.com

18

19

20

21

22

*Attorneys for Plaintiff*
Paz Carino

23

24

    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

25

    Executed on January 13, 2022, at Los Angeles, California.

26

27

_____
Esperansa Reinold

28