FORD & HARRISON LLP
David L. Cheng, Bar No. 240926
dcheng@fordharrison.com
Jennifer S. McGeorge, Bar No. 221679
jmcgeorge@fordharrison.com
350 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone: 213-237-2400
Facsimile:  213-237-2401

Attorneys for Specially Appearing Defendant
LINCARE HOLDINGS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAZ CARINO,<br><br>               Plaintiff,<br><br>v.<br><br>LINCARE HOLDINGS INC., a Delaware corporation; LINCARE INC., a Delaware corporation; and DOES 1 through 30, inclusive,<br><br>               Defendants. | Case No.<br><br>**DECLARATION OF JENNIFER S. MCGEORGE IN SUPPORT OF NOTICE OF REMOVAL BY SPECIALLY APPEARING DEFENDANT LINCARE HOLDINGS INC. PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>**Action Filed:** 11/05/21<br>**Date of Removal:** 01/13/22 |

I, Jennifer S. McGeorge, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and Counsel at the law firm of Ford & Harrison, LLP, attorneys of record for Specially Appearing Defendant Lincare Holdings Inc. ("Defendant"). I am providing this declaration in support of Defendant's Notice of Removal of Action. I have personal knowledge of each of the matters set forth below and, if called as a witness could and would testify competently to each of them under oath.

2.      On November 5, 2021, Plaintiff Paz Carino ("Plaintiff") filed a complaint against Defendants Lincare Holdings Inc. and Lincare Inc., entitled *Paz*

*Carino, an individual, Plaintiff, vs. Lincare Holdings Inc., a Delaware corporation; Lincare Inc., a Delaware corporation; and Does 1 through 30; inclusive, Defendants* in the Superior Court of California, for the County of Santa Clara, Case No. 21CV391147 ("Complaint").

3.    On December 14, 2021, Plaintiff served Defendant Lincare Holdings Inc. with a copy of a Summons and the Complaint.  True and correct copies of the Notice of Service of Process to Defendant Lincare Holdings Inc., the Summons, and the Complaint, are attached hereto as **Exhibit A**.

4.    A true and correct copy of the Civil Case Cover sheet filed in the Santa Clara County Superior Court on November 5, 2021, is attached hereto as **Exhibit B**.

5.    Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process and pleadings served on, received by Defendant Lincare holdings Inc., or filed in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, Santa Clara County or served by any party.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on the 13th day of January, 2022, at Los Angeles, California.

          */s/ Jennifer S. McGeorge*

JENNIFER S. MCGEORGE

DECLARATION OF JENNIFER S. MCGEORGE IN SUPPORT OF NOTICE OF REMOVAL BY SPECIALLY APPEARING DEFENDANT LINCARE HOLDINGS INC. PURSUANT TO 28 U.S.C. §1332, 1441 AND 1446

**PROOF OF SERVICE**

I, Esperansa Reinold, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On January 13, 2022, I served a copy of the within document(s):

**DECLARATION OF JENNIFER S. MCGEORGE IN SUPPORT OF NOTICE OF REMOVAL BY SPECIALLY APPEARING DEFENDANT LINCARE HOLDINGS INC. PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

☐     ELECTRONICALLY: I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Edward Antonino, Esq.
LAW OFFICE OF EDWARD ANTONINO
15760 Ventura Blvd., Suite 700
Encino, CA 91436-3016
Phone: (818) 995-9477
Email: ea@ca-workers-rights.com

*Attorneys for Plaintiff*
Paz Carino

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 13, 2022, at Los Angeles, California.

_____
Esperansa Reinold

# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 24208373**
**Date Processed: 12/16/2021**

| | |
|---|---|
| **Primary Contact:** | Paul Tripp<br>Lincare Holdings Inc.<br>19387 US Highway 19 N<br>Clearwater, FL 33764-3102 |

| | |
|---|---|
| **Entity:** | Lincare Holdings Inc.<br>Entity ID Number  1579422 |
| **Entity Served:** | Lincare Holdings Inc. |
| **Title of Action:** | Paz Carino vs. Lincare Holdings Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Santa Clara County Superior Court, CA |
| **Case/Reference No:** | 21 CV 391147 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 12/14/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Law Office of Edward Antonino<br>818-995-9477 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>LINCARE HOLDINGS INC., a Delaware corporation; (Additional parties attachment form is *attached.*)<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>PAZ CARINO, an individual, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br>E-FILED<br>11/5/2021 1:19 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>21CV391147<br>Reviewed By: I. Murillo<br>Envelope: 7614135 |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Santa Clara County Superior Court, 191 N. First St., San Jose, CA 95113 | **CASE NUMBER:** *(Número del Caso):*<br><br>21CV391147 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

LAW OFFICE OF EDWARD ANTONINO, 15760 Ventura Blvd., Suite 700, Encino, CA 91436, (818) 995-9477

| DATE:<br>*(Fecha)* 11/5/2021 1:19 PM | Clerk of Court | Clerk, by<br>*(Secretario)* I. Murillo | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| [SEAL] | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):*<br><br>under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

For your protection and privacy, please press the Clear This Form button after you have printed the form.     [Print this form]   [Save this form]     [Clear this form]

| SHORT TITLE: | | SUM-200(A) |
|---|---|---|
| Carino v. Lincare Holdings Inc., et al. | CASE NUMBER: | |
| | 21CV391147 | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

LINCARE INC., a Delaware corporation;
and
DOES 1 through 30; inclusive,

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]
For your protection and privacy, please press the Clear
This Form button after you have printed the form.

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

[ Print this form ] [ Save this form ]   [ Clear this form ]



1

Edward Antonino, Esq. (SBN 213908)
LAW OFFICE OF EDWARD ANTONINO
15760 Ventura Blvd., Suite 700
Encino, CA 91436-3016
Telephone: (818) 995-9477
ea@ca-workers-rights.com

Attorney for Plaintiff PAZ CARINO

E-FILED
11/5/2021 1:19 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV391147
Reviewed By: I. Murillo

2

3

4

5

6

7

8

## SUPERIOR COURT OF CALIFORNIA

9

### SANTA CLARA COUNTY

10

PAZ CARINO, an individual,

CASE NO. 21CV391147

11

Plaintiff,

COMPLAINT FOR DAMAGES

12

v.

13

LINCARE HOLDINGS INC., a Delaware
corporation;
LINCARE INC., a Delaware corporation;
and
DOES 1 through 30, inclusive,

Defendants.

1. Disability / Medical Condition
   Discrimination
2. Failure to Take Reasonable Steps to Prevent
   Discrimination and Retaliation
3. Wrongful Termination
4. Unfair Business Practices
5. Failure to Provide Personnel File and
   Payroll Records

14

15

16

17

**DEMAND FOR JURY TRIAL**
**PUNITIVE DAMAGES**
**TOTAL DAMAGES NOT TO EXCEED $75,000**

18

19

20

21

22

23

24

25

26

27

28

1.

## GENERAL ALLEGATIONS

1. Plaintiff PAZ CARINO, an individual, complains of Defendants LINCARE HOLDINGS INC., a Delaware corporation, and LINCARE INC., a Delaware corporation (collectively, "Defendant"), as follows:

2. Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendants employed Plaintiff in Santa Clara County, California. Plaintiff at all relevant times was a resident of Santa Clara County, California. The unlawful acts alleged herein occurred in Santa Clara County and have had a direct effect on Plaintiff.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 30, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure §474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

4. Plaintiff is informed and believes, and based thereon alleges that Defendants had the same shareholders, same location, same type of business, and common employees.

5. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, one or more of each named and/or unnamed Defendants was in some fashion, by contract or otherwise, the successors, assigns, joint-venturers, co-venturers or partners of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting within that capacity. Plaintiff is further informed and believes that Defendants assumed the assets of other Defendants without consideration.

6. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Plaintiff alleges, in the alternative, that

2

**COMPLAINT FOR DAMAGES**

each of the Defendants in all respects acted as the employer and/or joint employer of Plaintiff.

## FACTUAL BACKGROUND

7.　　Plaintiff worked for Defendant as a Shipping Clerk from on or about February 12, 2020 to on or about December 28, 2020.

8.　　In or about November 2020, Plaintiff tested negative for the COVID-19 virus.

9.　　On or about December 22, 2020, Plaintiff again tested for COVID-19.

10.　　On or about December 23, 2020, Plaintiff discovered that she tested positive for COVID-19 and immediately informed her superior Kanani Hoapili of her positive test result.

11.　　On or about December 28, 2020, Plaintiff's employment with Defendant was wrongfully terminated due to her disability / medical condition and/or her perceived disability / medical condition.

12.　　On or about April 22, 2021, Plaintiff's counsel requested a copy of Plaintiff's personnel file and payroll records. However, as of this date, no records of the same have been produced by Defendant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.　　On or about April 22, 2021, Plaintiff exhausted her administrative remedies concerning her fair employment claims by submitting a Complaint online with the Department of Fair Employment and Housing ("DFEH"), and received an immediate right to sue notice on that same date.

## FIRST CAUSE OF ACTION

## DISABILITY / MEDICAL CONDITION DISCRIMINATION

### (Against All Defendants and DOES 1-30, inclusive)

14.　　As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

15.　　At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 (a), *et seq.*, was in full force and effect and

3

1  was binding on Defendants, and each of them, and prohibited Defendants from discriminating

2  against Plaintiff on the basis of Plaintiff's disability / medical condition and/or perceived

3  disability / medical condition.

4       16.    Defendants knew or should have known of Plaintiff's disability / medical

5  condition and/or perceived disability / medical condition as set forth above as Plaintiff informed

6  Defendant of the same.

7       17.    Plaintiff could have performed the essential functions of Plaintiff's position with,

8  even without any accommodation.

9       18.    By engaging in the above-referenced acts and omissions, including terminating

10  Plaintiff's employment due to Plaintiff's disability / medical condition and/or perceived disability

11  / medical condition, Defendants subjected Plaintiff to adverse employment actions and

12  discriminated against Plaintiff because of Plaintiff's disability / medical condition and/or

13  perceived disability / medical condition in violation of Government Code §§ 12940, et seq.

14       19.    As a proximate result of Defendants' wrongful conduct and adverse employment

15  actions, Plaintiff has sustained, and continues to sustain economic damages in lost earnings and

16  other employment benefits in an amount according to proof.

17       20.    As a proximate result of Defendants' wrongful conduct, and adverse employment

18  actions, Plaintiff has sustained, and continues to sustain non-economic damages, including but not

19  limited to emotional distress, anxiety, depression, tension, loss of sleep and humiliation.

20       21.    Plaintiff has sustained general and special damages within the jurisdictional limits

21  of this Court.

22       22.    Plaintiff is entitled to attorneys' fees pursuant to Government Code §§ 12653 and

23  12965 and California Code of Civil Procedure §1021.5.

24              **SECOND CAUSE OF ACTION**

25      **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

26          (Against All Defendants and DOES 1-30, inclusive)

27       23.    As a separate and distinct cause of action, Plaintiff complains and realleges all the

28  allegations contained in this Complaint, and incorporates them by reference into this cause of

4

**COMPLAINT FOR DAMAGES**

1  action as though fully set forth herein, excepting those allegations which are inconsistent with this
2  cause of action.

3      24.    At all times mentioned in this Complaint, the California Fair Employment and
4  Housing Act ("FEHA"), Government Code §§ 12940, et seq., was in full force and effect and was
5  binding on Defendants, and each of them. These sections required Defendants to take all
6  reasonable steps to maintain a workplace environment free from unlawful discrimination and
7  retaliation.

8      25.    Defendants, and each of them, embarked on a campaign of discrimination and
9  retaliation against Plaintiff because Plaintiff had a disability / medical condition and because they
10  perceived Plaintiff to have a disability / medical condition. Defendants' failure to take all
11  reasonable steps to prevent the above-described discrimination and retaliation suffered by
12  Plaintiff was a substantial factor in causing damage and injury to Plaintiff as alleged herein.

13      26.    By engaging in the above-referenced acts and omissions, Defendants failed to take
14  all reasonable steps to maintain a workplace environment free from unlawful discrimination and
15  retaliation in violation of Government Code §§ 12940, et seq.

16      27.    As a proximate result of Defendants' wrongful conduct and adverse employment
17  actions, Plaintiff has sustained and continues to sustain economic damages in earnings and other
18  employment benefits in an amount according to proof.

19      28.    As a proximate result of Defendants' wrongful conduct, and adverse employment
20  actions, Plaintiff has sustained, and continues to sustain non-economic damages, including but not
21  limited to emotional distress, anxiety, depression, tension, loss of sleep and humiliation.

22      29.    Plaintiff has sustained general and special damages within the jurisdictional limits
23  of this Court.

24      30.    Plaintiff is entitled to attorneys' fees pursuant to Government Code §§ 12653 and
25  12965 and California Code of Civil Procedure §1021.5.
26  ///
27  ///
28  ///

### THIRD CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants and DOES 1-30, inclusive)

31.   As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

32.   At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940, was to prohibit employers from harassing, discriminating and retaliating against any individual based on a perceived and/or actual disability or medical condition, and based upon the exercise of rights under that section. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating against and terminating Plaintiff on the grounds stated above was wrongful and in contravention and in violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §12940, *et seq.,* and the laws and regulations promulgated thereunder, in violation of the Court's ruling in *Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, and in violation of Labor Code §§ 6311 and 6402.

33.   Here, Plaintiff's employment with Defendants was wrongfully terminated due to Plaintiff's disability / medical condition and/or perceived disability / medical condition.

34.   These public policies inure to the benefit of the public, not just the private interests of the employer and employee, because all individuals within the State are afforded these rights.

35.   Defendants' wrongful, discriminatory, and retaliatory termination of Plaintiff violated the aforementioned fundamental principles of public policy, in that there is a substantial and fundamental policy against disability discrimination in employment as delineated in the FEHA, and the laws and regulations promulgated thereunder.

36.   As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained,

1   and continues to sustain economic damages in lost earnings and other employment benefits in an

2   amount according to proof.

3       37.    As a proximate result of Defendants' wrongful conduct, and adverse employment

4   actions, Plaintiff has sustained, and continues to sustain non-economic damages, including but not

5   limited to emotional distress, anxiety, depression, tension, loss of sleep and humiliation.

6       38.    Plaintiff has sustained general and special damages within the jurisdictional limits

7   of this Court.

8       39.    The acts and conduct of Defendants, and each of them, constituted "malice,"

9   "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in

10   that these acts were intended by Defendants to cause injury to Plaintiff and/or constituted

11   despicable conduct carried on by the Defendants with willful and conscious disregard of the

12   rights of Plaintiff. The acts of the Defendants, and each of them, were done fraudulently,

13   maliciously and oppressively and with the advance knowledge, conscious disregard,

14   authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the

15   part of Defendants' officers, directors, or managing agents of the corporation. The actions and

16   conduct of the Defendants, and each of them, were intended to cause injury to Plaintiff and

17   constituted deceit and concealment of material facts known to Defendants with the intention of

18   the Defendants to deprive Plaintiff of property and legal rights, justifying an award of exemplary

19   and punitive damages in an amount according to proof.

20       40.    Plaintiff is entitled to attorneys' fees pursuant to Government Code §§ 12653 and

21   12965.

## FOURTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

### PURSUANT TO BUSINESS & PROFESSIONS CODE § 17200

### (Against All Defendants and DOES 1-30, inclusive)

26       41.    As a separate and distinct cause of action, Plaintiff complains and realleges all of

27   the allegations contained in this Complaint, and incorporates them by reference into this cause of

28   action as though fully set forth herein, excepting those allegations which are inconsistent with this

1   cause of action.

2        42.   Plaintiff brings this claim pursuant to Business and Professions Code §§ 17200, *et*

3   *seq.*, which prohibit unlawful and unfair business practices.

4        43.   Plaintiff is a person within the meaning of Business & Professions Code § 17204,

5   and therefore has standing to bring this cause of action for injunctive relief, restitution, and other

6   appropriate equitable relief.

7        44.   Defendants' conduct has been and continues to be unfair, unlawful, and harmful to

8   Plaintiff and the general public. Plaintiff therefore seeks to enforce important rights affecting the

9   public interest within the meaning of Code of Civil Procedure § 1021.5.

10       45.   Government Code §§ 12940 and 12653 articulate the fundamental public policy of

11   the State of California to protect employees from being discriminated against and retaliated

12   against due to their disability / medical condition.

13       46.   Defendants' conduct was therefore unfair and unlawful in violation of §§ 17200 *et*

14   *seq.* of the Business & Professions Code. Further, by engaging in the conduct herein alleged,

15   Defendants either knew or in the exercise of reasonable care should have known that the conduct

16   was unlawful. As such it is a violation of §§ 17200, *et seq.* of the Business and Professions Code.

17       47.   As a proximate result of the aforementioned violations, Plaintiff has been damaged

18   in an amount according to proof at time of trial, but in an amount in excess of the jurisdictional

19   minimum of this Court.

20       48.   Unless restrained by this Court, Defendants will continue to engage in the

21   unlawful conduct as alleged above. Pursuant to Business & Professions Code, this Court should

22   make such orders or judgments as may be necessary to prevent the use or employment, by

23   Defendants, their agents or employees, of any unlawful practice prohibited by the Business &

24   Professions Code, and/or including but not limited to enjoining Defendants from retaliating

25   against and/or terminating any employee who informs the employer of his/her disability / medical

26   condition.

27       49.   Pursuant to Business & Professions Code §§ 17200 *et seq.*, Plaintiff is entitled to

28   recover attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE PERSONNEL FILE AND PAYROLL RECORDS

### (Against All Defendants and DOES 1-30, inclusive)

50. As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

51. Pursuant to Labor Code §§ 226 and 432, an employer must provide a current or former employee's entire personnel file, including, but not limited to, his/her employment and payroll records, personnel records and all documents signed by him/her within 21 calendar days from the date of the request.

52. Pursuant to Labor Code § 1198.5, an employer must provide a current or former employee's entire personnel file within 30 days, and that failure to comply may result in a $750 penalty, and gives rise to claims for injunctive relief and attorneys' fees.

53. As alleged above, Defendant failed to provide any personnel file or payroll records to Plaintiff.

54. Plaintiff therefore seeks all applicable penalties, reasonable attorney's fees and costs.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following:

1. For compensatory damages, including Plaintiff's lost income;

2. For compensatory damages for Plaintiff's emotional distress;

3. For punitive / exemplary damages;

4. For reasonable attorney fees, cost of suit, and prejudgment and post judgment interest to the extent permitted by law, including pursuant to Civil Code § 1021.5, and Govt. Code §§ 12653 and 12965;

5. For a declaratory judgment that Defendants have violated Govt. Code §§ 12940; and

COMPLAINT FOR DAMAGES

6.   Such other and further relief as this Court may deem just and proper.

7.   **Total of above listed damages to be capped at $75,000.**

DATED: November 5, 2021                    LAW OFFICE OF EDWARD ANTONINO

By: _____
Edward Antonino, Esq.
Attorney for PLAINTIFF PAZ CARINO

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: November 5, 2021                    LAW OFFICE OF EDWARD ANTONINO

By: _____
Edward Antonino, Esq.
Attorney for PLAINTIFF PAZ CARINO

**COMPLAINT FOR DAMAGES**

# EXHIBIT B

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
LAW OFFICE OF EDWARD ANTONINO, SBN 213908
15760 Ventura Blvd., Suite 700, Encino, CA 91436

TELEPHONE NO.: 818-995-9477   FAX NO. *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff Paz Carino

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Carino v. Lincare Holdings Inc., et al.

**FOR COURT USE ONLY**

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 11/5/2021 1:19 PM
Reviewed By: I. Murillo
Case #21CV391147
Envelope: 7614135

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 21CV391147 JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: 5
5. This case [ ] is [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 11/5/21

Edward Antonino, Esq.
_____
*(TYPE OR PRINT NAME)*

▶ *E. Antonino*
_____
*(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

For your protection and privacy, please press the Clear